# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JOHN CHARLES BROGDON,

    Petitioner,

v.

    CIVIL ACTION NO. CV204-178

HILTON HALL, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Brogdon contends, for the first time, that the prosecutor made an inflammatory and prejudicial comment about him during the closing arguments of his trial. Brogdon asserts that the transcript from his trial was missing the prosecutor's closing statement, and he did not receive a copy of the transcript of the closing arguments until July 2004. Brogdon alleges that his one-year statute of limitation period began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. § 2244(d)(1)(D). According to Brogdon, the petition he filed on December 2, 2004, was timely filed because he did not discover the factual predicate of his claims until July 2004. Brogdon's assertion in this regard is unavailing. Brogdon was undoubtedly present during the prosecutor's closing remarks, and, accordingly, he knew at the time of this closing argument that the prosecutor made this alleged inflammatory and prejudicial comment.

Brogdon also asserts that the State has hindered or obstructed his efforts in filing this petition. Brogdon avers that he was given a work assignment for which he was unfit, his mental health problems have not been adequately addressed, and his dental conditions are not being treated at all. Brogdon contends that these issues constitute impediments created by the State which prevented the timely filing of his habeas petition. Although Brogdon expounds upon his position in his "Brief in Rebuttal" (Doc. No. 21), he still has set forth nothing but conclusory allegations that the State impeded his ability to file his section 2254 petition in a timely manner. Additionally, the Court is skeptical that the contentions Brogdon sets forth in this regard are the type of "impediments" Congress considered when it passed this legislation. See 28 U.S.C.A. § 2244(d)(1)(B).

Brogdon's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Brogdon's petition for writ of habeas corpus, filed pursuant to 28 U.S.C.A. § 2254, is **DISMISSED**. The Clerk is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

SO ORDERED, this 13th day of July, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)